UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO JUNIO SALES DA COSTA, | No. 1:26-cv-03401-DAD-JDP |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS; DENYING MOTION FOR TEMPORARY RESTRAINING AS MOOT; AND DENYING MOTION TO STAY TRANSFER AS MOOT |
| GOLDEN STATE ANNEX DETENTION FACILITY, et al., | |
| Respondents. | (Doc. Nos. 1, 2, 3) |

On May 4, 2026, petitioner Mario Junio Sales Da Costa, A-File No. 221-497-647, proceeding *pro se*, filed a petition for writ of habeas corpus (Doc. No. 1), a motion for temporary restraining order (Doc. No. 2), and a motion to stay transfer (Doc. No. 3). On May 5, 2026, the court issued an order directing respondents to file an opposition to the pending motion and to indicate whether this case is factually or legally distinguishable from the circumstances addressed in several of the court's cited prior orders. (Doc. No. 5.) In the same order, the court also indicated that if it determined that petitioner was entitled to the relief sought in the motion for temporary restraining order it would directly rule on the merits of the petition. Respondents were directed to indicate if they objected to the court doing so and, if they did, to provide substantive reasons in support of that opposition. (*Id.*)

1

On May 6, 2026, respondents filed an opposition, wherein they solely argue that petitioner is an applicant for admission subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) (Doc. No. 6 at 1–2), an argument that the undersigned has previously rejected on several occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *1–3 (E.D. Cal. Feb. 12, 2026). Respondents have further conceded that this case does not appear to be materially different from the circumstances addressed in the court's cited prior orders and have stated that they do not oppose the court ruling on the merits of the petition. (*Id.* at 1.)

Petitioner entered the United States in November 2005 and has continuously resided in the country for more than twenty years. (Doc. No. 1 at 2.) Petitioner does not have a criminal record. (*Id.*) Petitioner was detained by immigration authorities following a traffic stop and has not been provided a bond hearing since his detention.[1] (*Id.*)

The court incorporates and adopts the reasoning set forth in its prior order *Quichimbo-Jimenez v. Warden*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), in which the court concluded that the structure of the Immigration and Nationality Act required a bond hearing for noncitizens who have been detained by immigration authorities and who have: (1) entered the United States without inspection; (2) were not apprehended on arrival; and (3) are not otherwise subject to mandatory detention. Accordingly, the court concludes that petitioner is not lawfully detained pursuant to 8 U.S.C. § 1225.

Respondents argue only that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225, an argument which the court has rejected as noted above. In their opposition, respondents do not identify any alternative statute under which petitioner may be legally detained. The court therefore finds that petitioner has met his burden to show that his detention pursuant to 8 U.S.C. § 1225 is unlawful and that respondents have not demonstrated that his continued detention is authorized by statute. Accordingly, the court incorporates its reasoning set forth in *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR , 2026 WL 785871 (E.D. Cal. Mar.

---

[1] Petitioner does not state the date of his detention. Petitioner did submit documentation which suggests he started a business in 2019, and that the most recent registration for that business with the State of Florida is dated March 13, 2026. (Doc. No. 1 at 15–17.) The court therefore infers that petitioner was present in the United States for many years prior to his detention.

2

20, 2026) and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026) and finds that the appropriate remedy is petitioner's immediate release from custody because respondents have failed to provide any applicable authority for petitioner's detention.

For the reasons above,

1.  Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.  Respondents are ORDERED to immediately release petitioner Mario Junio Sales Da Costa, A-File No. 221-497-647, from respondents' custody;

    b.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2.  Petitioner's motion for a temporary restraining order (Doc. No. 2) and motion to stay transfer (Doc. No. 3) are DENIED as having been rendered moot by this order granting the petition for habeas relief on the merits;

3.  The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

4.  The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:  **May 8, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3